IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORRY COPPOLETTA, an individual; and GEORGETTE GUTIERREZ, an individual, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>THE STATE OF CALIFORNIA,<br><br>    Defendants. | No. C06-03135 WHA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

**INTRODUCTION**

In this putative class action challenging the constitutionality of California's Unclaimed Property Law, plaintiffs seek to circumvent an adverse state-court judgment against them. In particular, plaintiffs challenge the constitutionality of California's refusal to pay interest on claims under California's Unclaimed Property Law. Defendants have moved to dismiss the complaint on several grounds: Sovereign immunity and the Eleventh Amendment, the *Rooker-Feldman* doctrine, the *Younger* abstention doctrine, res judicata and failure of plaintiffs to state a claim. For the reasons stated below, this order GRANTS defendants' motion to dismiss.

**STATEMENT**

Dory Coppoletta and Georgette Gutierrez bring this action on behalf of themselves and others similarly situated. They challenge the constitutionality of the state's refusal to pay interest under California's Unclaimed Property Law. Cal. Civ. Proc. Code § 1540(c). California's Unclaimed Property Law establishes a procedure where abandoned property — property with no indication of ownership in three years or more — comes into the possession of the State of California. The state must notify the property owners of the pending escheat if the state has the owner's address. If the owner does not make a claim on the property, a report is made to the state controller. The controller then takes possession of the property. Holding the property as a custodian until the rightful owner is found, the controller may also sell the escheated property. The state places the funds in a general account. If the owner makes a claim at any point during this process, the controller is required to either return the property or pay the owner the proceeds from its sale. The law expressly states that no interest shall be paid on the property when the funds are returned. Cal. Code Civ. Proc. §§ 1500-1542. During the 2003-2004 year, the state held $4.1 billion in unclaimed property for which the state paid $177.4 million in claims (Coppoletta Compl. Exh. C).

Ms. Coppoletta resides in California. Beginning in 1999, the State of California acquired possession of Ms. Coppoletta's property under California's Unclaimed Property Law. She has subsequently settled her claims with the state, receiving over $500,000 in return for her accounts that were possessed by the state. She brings this claim seeking damages of the interest accrued on the funds while the state possessed the funds.

Ms. Gutierrez is a resident of New York. The state has had possession of the money in an abandoned bank account belonging to Ms. Gutierrez since at least 1990. In July 2005, Ms. Gutierrez was notified that the state would pay her $255.03 to settle her claim but it would not pay her any interest. Ms. Gutierrez has not received any interest payments from the state on the funds that state held for her.

2

*State Lawsuit*

Ms. Coppoletta and Ms. Gutierrez filed a complaint against the State of California and Controller Steve Westly on March 29, 2005 in San Francisco Superior Court. In response, the State of California moved for summary judgment on April 17, 2006. Plaintiffs' opposition to the motion for summary judgment was due on May 10, 2006, but plaintiffs did not file an opposition to the motion for summary judgment. One day after the unfiled opposition was due, plaintiffs served a voluntary dismissal. Judge Warren of San Francisco Superior Court granted the defendants' motion for summary judgment and vacated the clerk's erroneous entry of dismissal on May 26, 2006. In granting the motion for summary judgment, Judge Warren emphasized that plaintiffs could not avoid the court's judgment by filing for a voluntary dismissal. Allowing such voluntary dismissals would thwart the purpose of a motion for summary judgment (Notice of Entry of Judgment, Superior Court of California, County of San Francisco). In his declaration supporting plaintiffs' opposition to the motion to dismiss presented to this court, plaintiffs' attorney Lawrence Salisbury explained that the plaintiffs had honorable intentions in filing for voluntary dismissal: In plaintiffs' view the Ninth Circuit's recent *Taylor* decision conferred jurisdiction on a federal court by finding Eleventh Amendment exceptions applicable. Accordingly, plaintiffs wanted to re-file in federal court. He details the alleged bad faith of Jill Bowers, attorney for the State of California. Mr. Salisbury states that after the notice of dismissal was served on all parties, he sought and received confirmation that the motion for summary judgment hearing was off calendar. Notwithstanding this, the hearing went forward without plaintiffs' counsel. The state's motion for summary judgment was granted after that hearing.

*Federal Lawsuit*

Plaintiffs' first claim alleges that the failure of the state to pay interest violates the Fifth Amendment via the Fourteenth Amendment because it constituted a taking without just compensation. Plaintiffs also claim that the Act violates Article I, Section 19 of the California state Constitution. Plaintiffs seek a return of the interest and an injunction prohibiting the state from retaining interest payments in the future. They also seek attorney's fees under both federal

3

and state theories. Mr. Salisbury has filed in federal court because he believes that his clients have a viable claim (Salisbury Decl. ¶ 10).

In response to the complaint, defendants filed the instant motion to dismiss. Their motion rests on ten separate grounds:

(1) sovereign immunity and the Eleventh Amendment bar plaintiffs' claims against defendant State of California;

(2) the *Rooker-Feldman* doctrine prevents the district court from exercising jurisdiction because federal courts do not have the authority to review the final determinations of state courts in judicial proceedings;

(3) the *Younger* abstention doctrine requires the court to abstain from exercising jurisdiction over the matter because this case remains pending in state court;

(4) res judicata bars plaintiffs' complaint because a state court entered judgment against plaintiffs on the same claims;

(5) plaintiffs are time-barred by California's Unclaimed Property Law which requires aggrieved claimants to bring an action within 90 days of the Controller's decision on their claim or within 270 days if the Controller has not made a decision;

(6) plaintiffs cannot state a claim for deprivation of property because the Controller only has possession of the property and not the right of ownership;

(7) plaintiffs cannot seek damages related to their paid Unclaimed Property Law claims because Section 1541 of the California Code of Civil Procedure specifically provides that the exclusive remedy for these claims is the return of the escheated property or the proceeds of its sale;

(8) Section 1566 of the California Code of Civil Procedure, preserving California's sovereign immunity against suit, holds the state immune from claims based upon the Unclaimed Property Law once the claims have been paid;

(9) any claims predicated on a trust theory must fail because the Unclaimed Property Law does not create a trust fund; and

4

1  (10) plaintiffs are not entitled to an accounting of the state's unclaimed property because
2  proceeds are deposited into a general fund and not held in individual accounts rendering
3  proceeds from an individual sale untraceable.

**ANALYSIS**

Pursuant to FRCP 12(b)(6), dismissal for failure to state a claim is proper if it appears beyond doubt that plaintiff can prove no set of facts to support a claim entitling him to relief. A motion to dismiss under FRCP 12(b)(6) tests for legal sufficiency of the claims alleged in the complaint. *Parks Sch. Of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Furthermore, all material allegations of the complaint are taken as true and are construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). If dismissal is granted, plaintiffs are only provided leave to amend if they can cure the complaint's defects. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

**1.    THE *ROOKER-FELDMAN* DOCTRINE.**

As courts of original jurisdiction, federal district courts have no authority to review the final determinations of state courts in judicial proceedings. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). A federal district court does not have the subject-matter jurisdiction to hear a direct appeal from the final judgment of a state court. *Noel v. Hall*, 341 F.3d 1148, 1154-55 (9th Cir. 2003). This is true even when the challenge to a state-court decision potentially involves federal constitutional issues. *Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986). The Supreme Court recently cautioned that the *Rooker-Feldman* doctrine only prevents a district court from exercising jurisdiction if certain conditions are met. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *Rooker-Feldman* only applies when (1) the losing party in state court has filed a suit in federal court after the state proceedings have ended, (2) complaining of an injury that was caused by the state-court judgment, and

5

(3) seeking a review and rejection of that state court judgment. *Ibid*. The doctrine applies not only to direct attempts to review a state-court decision but also to indirect reviews of a state court decision when the federal claim is "inextricably intertwined" with the merits of the state-court decision. *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 221 (9th Cir. 1994). The crux of the "inextricably intertwined" question is whether there has already been actual consideration of and a decision on the issue presented. *Worldwide Church of God*, 805 F.2d at 892 (citing *Robinson v. Ariyoshi*, 753 F.2d 1468, 1472 (9th Cir. 1985)).

The *Rooker-Feldman* doctrine bars plaintiffs' action. *First*, plaintiffs lost in state court when Judge Warren entered summary judgment against them. They filed this suit in federal court on the eve of summary judgment complaining of the same injuries they based their state complaint on. *Second*, comparing plaintiffs' state court complaint side by side with their federal court complaint, it is glaringly apparent that these complaints rest upon the same injuries as the complaints are literally verbatim in regard to the allegations.[*]

The only question concerns the third element: whether plaintiffs are seeking a review and rejection of the state court judgment against them. Plaintiffs argue that they did not have the opportunity to defend themselves on the motion for summary judgment. However, this is not pertinent in this inquiry because this does not concern a question of whether the claims are "inextricably intertwined." They are the exact same claims. This is an attempt by plaintiffs to directly review the state court judge's decision by advising this court of how unfair it was for the judge to issue that motion for summary judgment. The state court rendered its judgment on the motion for summary judgment when it was presented before the state court. The plaintiffs could have filed an opposition to the motion but they chose not to. The state court appellate system is the proper place to review the superior court's decision. A federal district court does not have jurisdiction when plaintiffs seek a review and rejection of the state court's judgment.

Plaintiffs argue that because federal courts have an obligation to exercise the jurisdiction given to them, abstention is only to be used in extraordinary and narrow circumstances. This

---

[*] The slight differences appear when plaintiffs assert the basis for each court's jurisdiction over the matter. This court takes judicial notice of the state complaint as a matter of public record not subject to reasonable dispute. Fed. R. Evid. 201(b)(2).

6

order does not dispute that assertion as this is precisely a circumstance where the Supreme Court has stated that a district court must abstain from exercising its jurisdiction.

At hearing on this motion, plaintiffs tried to argue that *Feldman* allows federal courts to exert jurisdiction over a state claim when a plaintiff generally challenges the constitutionality of a state statute. In *Feldman*, the plaintiffs were challenging a decision by the District of Columbia Court of Appeals. The District of Columbia Court of Appeals had denied the plaintiffs' request for a waiver of a bar admission rule that required applicants to have graduated from an approved law school. The Supreme Court allowed the federal district court to retain jurisdiction only over the claims that involved a general attack on the constitutionality of the bar admission rule because those claims did not involve a review of state judicial proceedings. A judicial proceeding involves a legal argument, determination in light of existing law and an adjudication of one's legal rights. *Feldman*, 460 U.S. at 480-481. United States district courts do not have jurisdiction over a challenge to a state court decision when the decision arises out of a judicial proceeding. *Feldman*, 460 U.S. at 486. If the state court decision arises out of a nonjudicial proceeding, then a federal district court may review it. This is the key distinction: Whether the proceeding challenged was judicial or nonjudicial. This distinction is crucial because when a challenged rule or statute is made in a nonjudicial proceeding,"the policies prohibiting United States district courts review of final state court judgments are not implicated." *Ibid*. The Court allowed some of the plaintiff's claims, those generally attacking the constitutionality of the bar admissions rule, because the bar admissions rule had been created through a legislative rather than judicial process.

Here, the state court acted judicially when it ruled on the defendants' motion for summary judgment on May 26, 2006. The state court heard plaintiffs' and defendants' legal argument on plaintiffs' claims and made a legal determination that defendants were entitled to summary judgment. Although plaintiffs seek to characterize *Feldman* as allowing a general constitutional challenge of a state statute, *Feldman* only allows this when the state decision was made in a nonjudicial proceeding. Because the state court proceeding here involved a judicial

7

proceeding, there is no right under *Feldman* for this court to retain jurisdiction over a general challenge to the constitutionality of California's Unclaimed Property Law.

In conclusion, this court does not have subject-matter jurisdiction to review the state court's *Coppoletta* decision. At oral argument, counsel discussed the potential effect of an order vacating judgment by the state court at the state court hearing scheduled for September 27, 2006. This court has considered the possibility of postponing a ruling on this motion until the conclusion of those proceedings, but, after hearing argument from counsel, this court is convinced that no matter how the state court rules on September 27, 2006, there will be interminable appeals and no clean cut termination of the state court proceedings. At all events on the present record, it is undisputed that litigation has been commenced and litigated between parties at state court. *Rooker-Feldman* accordingly applies to the immediate record.

**2. RES JUDICATA.**

The State of California also argues that res judicata bars plaintiffs' claims in federal court. Plaintiffs argue that res judicata is inappropriate under FRCP 8(c) because defendants did not raise the issue in their responsive pleading. Affirmative defenses can be raised on a FRCP 12(b)(6) motion to dismiss as long as the complaint clearly shows on its face that the affirmative defense bars the action. 27A FEDERAL PROCEDURE, LAWYER'S EDITION § 62:514 (2006).

"Res judicata bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action." *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1320 (9th Cir. 1992). In determining whether a claim is barred as res judicata, courts should consider:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *Ibid*.

The Ninth Circuit has held that a court cannot judicially notice matters in issue that are the same as those in a former action. Those matters must be pleaded and proved. *Guam Invest. Co. v. Central Bldg., Inc.*, 288 F.2d 19, 23 (9th Cir. 1961). In *Guam*, the complaint contained allegations of events that had occurred after the state court had rendered its decision. In contrast, the record before this court clearly shows there is no difference between the issues in state court and the issues presented here.

Plaintiffs assert that they have not had the full and fair opportunity to present their argument in light of what occurred with the hearing on the motion for summary judgment in state court. However, these factors support a finding that plaintiffs' claims herein are barred by the doctrine of res judicata. Defendants' rights, previously adjudicated, would be destroyed by permitting plaintiffs to re-litigate the claims dismissed on May 26, 2006. Plaintiffs had the opportunity to respond to defendants' motion to dismiss but chose not to. Consequently, the San Francisco Superior Court granted defendants' motion for summary judgment. The same evidence and underlying rights are central to the common claims. Plaintiffs allege precisely the same transactional nucleus of facts in each lawsuit. The doctrine of res judicata clearly applies.

Hence, any and all claims stemming from plaintiffs' allegations that it is unconstitutional for California to retain interest on unclaimed property under the Unclaimed Property Law are barred.

### 3. INSUFFICIENCY OF PLAINTIFFS' ALLEGATIONS.

This court must abstain from exercising jurisdiction for the aforementioned reasons. Even if the *Rooker-Feldman* doctrine did not apply prohibiting this court from reviewing a state court determination, plaintiffs' claims are still barred by res judicata. This court is unable to reach the defendants' assertions that the plaintiffs have failed to state a claim under FRCP 12(b)(6).

**CONCLUSION**

For the aforementioned reasons, the defendants' motion to dismiss is **GRANTED**. Judgment will be entered accordingly.

**IT IS SO ORDERED.**

Dated: September 14, 2006.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE